(109 App. Div. 606)

### FITZGERALD v. WARHOLY.

(Supreme Court, Appellate Division, Second Department.   December 8, 1905.)

ANIMALS—INJURIES BY DOG—OWNER'S KNOWLEDGE—EVIDENCE—SUFFICIENCY.
   In an action for injuries sustained by being bitten by defendant's dog, evidence considered, and *held* to warrant a finding that defendant knew facts sufficient to apprise him that the dog was likely to bite persons on the highway adjoining defendant's premises.
   Hooker, J., dissenting.

Appeal from City Court of Yonkers.

Action by Eugene Fitzgerald, by Kate Fitzgerald, his guardian ad litem, against Joseph Warholy.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

George C. Andrews, for appellant.

Thomas F. Curran, for respondent.

WOODWARD, J. Eugene Fitzgerald, by his guardian ad litem, brings this action to recover damages alleged to have been sustained by being bitten by a dog owned by the defendant while the plaintiff was upon one of the public streets of the city of Yonkers. There is no dispute as to the ownership of the dog, and practically no conflict of evidence as to the fact of the plaintiff being attacked and injured by the dog, and the only question of any importance bearing upon the liability of the defendant is as to the latter's knowledge of the vicious character of the dog. There was evidence to show that the dog had been seen to run out and attack people who were getting on and off of street cars which passed the defendant's premises where the dog was kept, and that the defendant had at times seen the dog rushing at people and had called him back. Witnesses testified that the dog had snapped at them, and that this was done by grabbing at them with his open mouth; and one witness testified that he had seen the dog tear a woman's dress as she was getting off the street car. Some of these things appear to have been done in the presence of the defendant, and, while he denies that he had any knowledge of any vicious tendencies on the part of the dog, we are persuaded that the evidence was sufficient to justify the jury in finding that the defendant knew of facts which were sufficient to apprise him that the dog was likely to attack and bite persons upon the highway.

There was an effort to show that the plaintiff brought the damages upon himself by reason of his teasing the dog; but the evidence fails to show that the boy was doing anything at the time the attack was made.

The judgment and order appealed from should be affirmed, with costs. All concur, except HOOKER, J., who dissents.